

**NUMBER 13-09-00649-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

ORION REMINGTON, **Appellant,**

**V.**

THE STATE OF TEXAS, **Appellee.**

---

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Garza, and Benavides
Memorandum Opinion Per Curiam**

Appellant, Orion Remington, was convicted of assault and sentenced to eighteen months probation. On October 28, 2009, appellant filed a pro se notice of appeal. The trial court's certification of the defendant's right to appeal does not contain the defendant's signature. *See* TEX. R. APP. P. 25.2(d).

On December 12, 2009, the Clerk of this Court notified the trial court judge and appellant of the necessity of a signed trial court certification. The trial court scheduled a hearing on February 23, 2010, for appellant to appear and sign the trial court certification but appellant failed to appear. By letter dated February 25, 2010, the trial court again notified appellant that the certification was defective and notified appellant that the certification was available for signature during work hours, or if those hours were not convenient, to contact the trial court to make other arrangements. The appellant failed to contact the trial court to sign the trial court certification.

On May 18, 2010, appellant filed a motion to dismiss requesting that the Court issue an order dismissing the appeal "due to an inability to afford the appeal process." This Court carried the motion to dismiss with the case, and abated the appeal and remanded the cause to the trial court to make findings and recommendations concerning: (1) whether appellant desires to prosecute the appeal; (2) whether appellant is indigent; (3) whether appellant is entitled to a free appellate record due to his indigence; (4) whether appellant is entitled to appointed counsel; and (5) any other orders necessary to ensure the proper and timely pursuit of appellant's appeal. The trial court held a hearing on June 24, 2010, and appellant failed to appear. The trial court found that appellant's failure to appear demonstrates that he does not desire to prosecute the appeal. The court further found that appellant is not indigent.

The Court, having considered the documents on file, the trial court's findings, and appellant's motion to dismiss the appeal, is of the opinion that the motion should be granted. *See* TEX. R. APP. P. 42.1(a). Appellant's motion to dismiss is granted, and the appeal is hereby DISMISSED. Costs will be taxed against appellant. *See* TEX. R. APP. P.

2

42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant.").

Having dismissed the appeal at appellant's request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
4th day of November, 2010.